IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TREVOR KELLEY,<br><br>       Plaintiff,<br>v.<br><br>MARTINA CERVANTES d.b.a.<br>GUALBERTOS MEXICAN FOOD,<br><br>       Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS AND DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:17-cv-00510-JNP<br><br>District Judge Jill N. Parrish |

## I.   INTRODUCTION

Plaintiff Trevor Kelley sued Defendant Maria Cervantes d.b.a Gualbertos Mexican Food. Mr. Kelley requires the use of a wheelchair, and he alleges that he encountered five "architectural barriers," such as towel dispensers that were too high, when he visited Ms. Cervantes' restaurant, Gualbertos Mexican Food. Based on this, he alleges that Ms. Cervantes violates the Americans with Disabilities Act (the "ADA").

Ms. Cervantes moves to dismiss the case on the grounds that she removed the architectural barriers of which Mr. Kelley complained, rendering the case moot. But she has not actually removed all of the architectural barriers, so the case is not moot.

Ms. Cervantes moves for summary judgment on the grounds that she is not a proper defendant because Cervantes Restaurant, LLC is the sole owner of Gualbertos. But the evidence on which Ms. Cervantes relies does not support this defense, and she previously swore under oath that she is "one of the owners of Gualbertos." So her motion for summary judgment must be denied because there is a genuine dispute as to whether she owns Gualbertos.

## II.    FACTUAL BACKGROUND

Mr. Kelley alleges that he encountered the following five architectural barriers when he visited Gualbertos:

1. "Failure to provide an unobstructed high forward reach to the towel dispenser no greater than 48 inches (1220 mm) above the ground."

2. "Failure to provide operable parts of entry door hardware that are operable with one hand and do not require tight grasping, pinching, or twisting of the wrist with no more than 5 pounds of operable force."

3. "Failure to provide accessible parking space identification signs 60 inches (1525 mm) above the finish floor or ground surface."

4. "Failure to provide sings containing the designation 'van accessible' that identify van parking spaces."

5. "Failure to locate mirrors over lavatories and countertops with the bottom edge of the reflecting surface no greater than 40 inches (1015 mm) above the ground."

Ms. Cervantes moves to dismiss Mr. Kelley's complaint on the grounds that she removed these architectural barriers from Gualbertos. Ms. Cervantes also states that she is not the proper defendant because "[t]he actual owner of the restaurant in question is Cervantes Restaurant, LLC." Ms. Cervantes did, however, submit a declaration that provides, "I am one of the owners of Gualbertos Mexican Food located at 478 East 12300 South, Draper, Utah . . . which is the subject of the instant legal action."

After reviewing Ms. Cervantes motion to dismiss, the court indicated that it was not inclined to reach the merits of the motion because Ms. Cervantes was arguing that the proper, *unnamed* defendant—Cervantes Restaurant, LLC—removed the architectural barriers from Gualbertos. Accordingly, the court instructed Ms. Cervantes to either (1) concede that she is a

proper defendant or (2) "file a properly supported motion for summary judgment" to raise the defense that she was not a proper defendant.

Ms. Cervantes opted for the latter. But her motion for summary judgment was flawed from the start. She represented that "Cervantes [Restaurant], LLC is the legal owner of Gualbertos." But in support of this, she cited a Business Name Registration/DBA Application that shows that she—not Cervantes Restaurant, LLC—is the "individual or business entity that will own the DBA on the name line," Gualbertos Mexican Food. The document made no mention of Cervantes Restaurant, LLC.

Because Ms. Cervantes' motion for summary judgment was factually unsupported, the court, to avoid unnecessary briefing, ordered Ms. Cervantes to show cause as to why the motion should not be denied. The court explained that the evidence upon which Ms. Cervantes relied established that she—not Cervantes Restaurant, LLC—is the owner of the d.b.a Gualbertos Mexican Food.

In response, Ms. Cervantes filed a printout from the Utah State Department of Commerce's website. The printout shows that Cervantes Restaurant, LLC does business as "Gualbertos Mexican Food Draper." Ms. Cervantes also represented that Cervantes Restaurant, LLC uses the d.b.a "Gualbertos Mexican Food" "with [her] permission." Mr. Kelley, responding to Ms. Cervantes' new-found evidence, filed various documents that contradict the representation that Cervantes Restaurant, LLC owns Gualbertos.

Because there appeared to be a genuine dispute as to whether Ms. Cervantes owns or operates Gualbertos, the court indicated that it was inclined to assume that Ms. Cervantes was a proper defendant and then rule on her motion to dismiss. But before doing so, the court gave Mr.

Kelley an opportunity to respond to evidence, mainly pictures, that Ms. Cervantes attached to her reply in support of the motion to dismiss.

In his sur-reply, Mr. Kelley argued that Ms. Cervantes had not actually removed all of the architectural barriers of which he complained. Among other things, Mr. Kelley pointed to a picture that shows that the "van accessible" sign at Gualbertos is not actually 60 inches above the ground surface; the bottom of the sign is about 59.25 inches above the ground.

### III. DISCUSSION

Ms. Cervantes argues that the case is moot because she remedied the alleged ADA violations. But she has not, so the case is not moot. Ms. Cervantes also argues that she is not a proper defendant because Cervantes Restaurant, LLC is the owner of Gualbertos. But there is a genuine dispute as to whether Ms. Cervantes is the owner of Gualbertos because, among other reasons, she swore under oath that she is "one of the owners of Gualbertos." Consequently, Ms. Cervantes' motion to dismiss and her motion for summary judgment must be denied.

#### A. THE MOTION TO DISMISS

Article III of the U.S. Constitution limits the jurisdiction of federal courts to those matters that present an actual case or controversy. *Chafin v. Chafin*, 568 U.S. 165, 171 (2013). When subsequent events render a case moot, there is no justiciable controversy and the case must be dismissed. *Id.* at 172.

As a general rule, voluntary cessation of allegedly unlawful conduct will not render a case moot. *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979). But an exception to this rule is that a case is moot if: (1) interim relief or events have completely and irrevocably eradicated the effects of an alleged violation, and (2) there is no reasonable expectation that the alleged violation will recur. *Id.*

Mr. Kelley alleges that he was prevented from enjoying Gualberto's food and facilities because he encountered five architectural barriers when he visited the restaurant. One of those barriers was Gualbertos' failure to provide "van accessible" parking signs 60 inches above the ground surface. Specifically, Gualbertos was required to have signs identifying van parking spaces that are "60 inches (1525 mm) minimum above the finish floor or ground surface *measured to the bottom of the sign*." 36 C.F.R. § 1191, App. D, Guideline 502.6 (emphasis added).

Here, the case is not moot because Gualbertos still violates the ADA, thereby depriving Mr. Kelley and those similarly situated of the right to equal enjoyment of Gualbertos' food and facilities. Ms. Cervantes attached a number of photographs to the reply in support of her motion to dismiss. One of the photos shows that the bottom of the "van accessible" parking sign outside of Gualbertos is about 59.25 inches above the ground. The sign must be "60 inches . . . minimum above the . . . ground surface measured to the bottom of the sign." It is not. Gualbertos still violates the ADA. Mr. Kelley and those similarly situated are still, at least in theory, prevented from equal enjoyment of Gualbertos' food and facilities. As such, the case is not moot.[1]

### B. THE MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the

---

[1] Of course, Ms. Cervantes may file another motion to dismiss for lack of jurisdiction once she has removed the architectural barriers that remain. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court, however, notes that it expresses no opinion as to whether Ms. Cervantes has removed the other architectural barriers. The court advises counsel for Ms. Cervantes to ensure that *all* architectural barriers have been removed before filing a subsequent motion to dismiss.

assertion by . . . citing to particular parts of materials in the record, including . . . documents . . . or declarations . . . ." Fed. R. Civ. P. 56(c).

Ms. Cervantes moves for summary judgment on the grounds that she is not the proper defendant because she is not the owner of Gualbertos. Rather, Cervantes Restaurant, LLC, is supposedly the owner of Gualbertos. But there is a genuine dispute as to whether Ms. Cervantes owns or operates Gualbertos. *See* 42 U.S.C. § 12182(a).

Ms. Cervantes attached to her motion for summary judgment a Business Name Registration/DBA Application that shows that she—not Cervantes Restaurant, LLC—is the individual that owns the d.b.a "Gualbertos Mexican Food." The application makes no mention of Cervantes Restaurant, LLC. And Ms. Cervantes has sworn under oath that she—not Cervantes, LLC—is "one of the owners of Gualbertos." There is a genuine dispute as to whether Ms. Cervantes owns or operates Gualbertos and is thus a proper defendant, so her motion for summary judgment must be denied.

## IV. CONCLUSION AND ORDER

For the reasons set forth above, Ms. Cervantes' Motion to Dismiss for Lack of Jurisdiction (ECF No. 16) and her Motion for Summary Judgment (ECF No. 22) are DENIED.

Signed June 18, 2018

                                            BY THE COURT

                                            _____
                                            Jill N. Parrish
                                            United States District Court Judge